IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01216–MSK–KMT

CAROLYN JEAN GISSENDANNER BORWICK,

      Plaintiff,

v.

UNIVERSITY OF DENVER, BOARD OF TRUSTEES,
UNIVERSITY OF DENVER GRADUATE SCHOOL OF SOCIAL WORK,
CHANCELLOR ROBERT COOMBE, in his official capacity,
GREGG KVISTAD, individually and as Denver University Provost,
DR. JAMES R. MORAN, PhD, individually and as Professor of the Graduate School of Social Work,
BARBARA WILCOTS, individually and as Associate Provost for Graduate Studies,
DR. WALTER LAMENDOLA, PhD, individually and as Professor and Director of the Doctoral Program of the Graduate School of Social Work,
DEAN JAMES HERBERT WILLIAMS, individually and as Dean of Graduate School of Social Work, and
DR. WILLIAM CLOUD, individually and as Professor of the Graduate School of Social Work,

      Defendants.

**ORDER**

This matter is before the court on "Plaintiff's Motion to Dismiss Defendants in Individual Capacity and Amend Complaint Pursuant to Fed.R.Civ.P. 15(a)(1)." (Doc. No. 22, filed Aug. 17, 2011 [Mot.].) On August 17, 2011, Defendants filed a response (Doc. No. 23 [Resp.]) indicating that while they disagree with Plaintiff's statement that Defendants have "not taken

[sic] official position regarding this motion," they nevertheless do not object to Plaintiff's Motion. (Resp. at 1-2.)

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983). Further, the Supreme Court guides that

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

2

In her motion, Plaintiff seeks leave to amend her "Amended Verified Complaint and Jury Demand" (Doc. No. 6, filed June 10, 2011) to dismiss all claims against Defendants Kvistad, Moran, Wilcots, LaMendola, Williams, and Cloud in their individual capacities. (Mot. at 2.) Additionally, Plaintiff seeks to correct grammatical and paragraph numbering errors. (*Id.*)

As noted above, Defendants do not oppose Plaintiff's Motion. No scheduling order has been entered; thus Plaintiff's Motion is timely. Further, the case is in the early stages of litigation. Most importantly, upon review of the proposed "Second Amended Verified Complaint and Jury Demand" (Doc. No. 22-2) and Plaintiff's Motion, the court finds there has been no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is

**ORDERED** that "Plaintiff's Motion to Dismiss Defendants in Individual Capacity and Amend Complaint Pursuant to Fed.R.Civ.P. 15(a)(1)" (Doc. No. 22) is **GRANTED**. The clerk of court shall file Plaintiff's "Second Amended Verified Complaint and Jury Demand" (Doc. No. 22-2).

Dated this 1st day of September, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge