**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-1216-MSK-KMT

Carolyn Jean Gissendanner Borwick

Plaintiff,

v.

University of Denver, Board of Trustees, et. al.

Defendants,

---

PLAINTIFF CAROLYN BORWICK'S REPLY TO DEFENDANTS RESPONSE TO PLAINTIFF'S EXPEDITED MOTION TO RECONSIDER, ALTER OR AMEND FINDINGS, CONCLUSIONS AND SUMMARY JUDGMENT, PURSUANT TO Fed. R. Civ. P., Rules 52 (a) (1), 59 (a) (3) and 59 (e)

---

COMES NOW Plaintiff, Carolyn Borwick, by and through counsel, Derry Dale Sadler of the Sadler Law Office, in reply to Defendant's Response to Plaintiff's Motion to Reconsider, Alter or Amend Pleadings, Conclusions and Summary Judgment (Docket # 94), and as grounds therefore states the following:

1. Fed. R. Civ. P. 52 (a) (1) authorizes the filing of a motion to amend judgment no later than 28 days after the judgment. The court may amend its judgment or make additional findings and may amend the judgment accordingly. Fed. R. Civ. P. 59 (a) (1) (B) authorizes a motion to amend a nonjury trial judgment. Fed. R. Civ. P. 59 (e) authorizes a motion to alter or amend a judgment and filed no later than 28 days after the entry of judgment.

2. Plaintiff is not required to anticipate the ruling on the post judgment. Because of the impending deadline to protect Plaintiffs' April 15, 2013. Notice of Appeal, Plaintiff was faced with the choice of protecting the appeal, while awaiting the court's determination on the April 14, 2013 Motion to Reconsider.

3. Plaintiff's motion to reconsider is not rendered moot by the notice of appeal.

4. In a civil case pending in federal court, a party's timely filing of any specified postjudgment motion will normally serve to postpone the deadline applicable to all parties for filing a timely notice of appeal until at least 30 days from the date on which the federal district court disposes of the post-judgment motion. Here, the triasl district court has entered a final judgment in a civil case on March 19, 2013. The deadline for filing a timely appeal was April 18. Plaintiff filed a timely motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), the deadline for filing a timely notice of appeal would then be postponed until 30 days after the district court entered an order disposing of that motion. Regrettably, on at least rare occasion, a federal district court will fail to rule on a timely filed post-judgment motion within a reasonable period. When faced with an unexpected delay in the disposition of a timely filed post-judgment motion, the losing party may question whether continuing to await a ruling from the district court is worthwhile, given that the delay serves to postpone any progress toward seeking possible victory on appeal. At some point, the party that filed the timely post-judgment motion may even consider the possibility of withdrawing the motion so that appellate review of the district court's adverse ruling may commence without further delay. In a ruling issued last year in a case titled Vanderwerf v. SmithKline Beecham

Corp ., 529 F. Supp. 2d 1294 (D. Kan. 2008) (Case No. 08-3218) , the 10th U.S. Circuit Court of Appeals considered an appeal in which the Plaintiffs eventually decided that the district court was taking too long to decide their timely filed post-judgment motion. Frustrated with that delay, the Plaintiffs eventually decided to withdraw their post-judgment motion and then promptly thereafter filed an appeal to the 10th Circuit. In that case, the district court had resolved the case against the Plaintiffs by means of a summary judgment ruling issued on Jan. 9, 2008. The Plaintiffs filed their timely post-judgment motion on Jan. 17. On Aug. 8, the Plaintiffs withdrew their post-judgment motion and simultaneously filed a notice of appeal. The question presented in Vanderwerf was **[whether the timely post-judgment motion that the Plaintiffs filed served to toll the time to appeal from the district court's summary judgment ruling until that motion was withdrawn on Aug. 8, 2008]**. By a vote of 2-1, the 10th Circuit answered "no," and instead ruled that the Plaintiffs' appeal filed Aug. 8, 2008 was untimely because the notice of appeal was not filed within 30 days of the entry of the district court's final judgment on Jan. 9, 2008. The majority reasoned that in order for a timely filed post-judgment motion to toll the time for appeal, the motion must result in a district court's order disposing of the motion. In the absence of a district court's order disposing of the motion, the majority reasoned, the timely filed post-judgment motion did not toll the time for appeal. As a result, the 10th Circuit dismissed the appeal without considering the merits.

5. Faced with this dilemma, Plaintiff sought to preserve her procedural rights at the trial court level and at the appellate level, concurrently. By filing an appeal, Plaintiff did not take to render her motion to reconsider moved.

6. Defendants are required to file a timely response. A response from Defendants to the motion to reconsider is therefore necessary and appropriate. Defendants' site. No .C.Colo.L.Civ.R., 10th Cir. Rule, or substantive case to the contrary. No ruling has been issued on the pending motion to stay judgment has been issued.

**DATED** this 8th day of May 2013.

s/Derry Dale Sadler
D. Dale Sadler, Atty. No. 7778
8400 East Prentice Avenue, Suite 1500
Greenwood Village, Colorado 80111
Tel: 303-409-7602
Fax: 303-955-2336
derrydaled@comcast.net

**CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2013, I electronically filed the foregoing PLAINTIFF CAROLYN BORWICK'S EXPEDITED MOTION TO RECONSIDER, ALTER OR AMEND FINDINGS, CONCLUSIONS AND SUMMARY JUDGMENT, PURSUANT TO Fed. R. Civ. P., Rules 52 (a) (1), 59 (a) (3) and 59 (e) with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Goh, Jimmy
Elisa Chen
Wells Fargo Center
1700 Lincoln Street
Suite 4650
Denver, CO 80203
jim.goh@ogletreedeakins.com
elisa.chen@O@ogletreedeakins.com

s/Derry Dale Sadler
D. Dale Sadler, Atty. No. 7778