**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01216-MSK-KMT

CAROLYN JEAN GISSENDANNER BORWICK,

Plaintiff,

v.

UNIVERSITY OF DENVER, *et al.*

Defendants.

---

**DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO AWARD AND REQUEST FOR REVIEW OF DEFENDANTS' BILL OF COSTS, PURSUANT TO FED. R. CIV. P. 54**

---

Defendants University of Denver, *et al.* (collectively, "DU"), by and through their undersigned counsel, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., hereby respond to Plaintiff Carolyn Borwick's ("Borwick") Objections to this Court's Award of Bill of Costs ("Objections," Dkt # 90) dated April 18, 2013, pursuant to Fed. R. Civ. P. 54 and 28 U.S.C. § 1920.

Borwick first objects to the costs awarded in connection with the depositions of her treating physicians, Dr. Stephen Shogan, and Dr. James Wilk. Borwick argues that their deposition transcripts were created primarily for trial purposes, were not utilized in support of the motion for summary judgment, and the treating physicians did not appear on the Scheduling Order. However, none of these factors is necessary in order for a court to award costs for such depositions.

It is beyond dispute that courts have awarded costs associated with expert witness depositions. See, e.g., Burke v. Garfield County Sheriff's Dept., 2009 WL 3158158 at *3 (D. Colo. Sept. 24, 2009) (awarding costs for expert deposition); United Fire & Cas. Co. v. Boulder Plaza Residential, LLC, 2011 WL 1134789 at *4 (D. Colo. Mar. 29, 2011) (awarding costs for audio file as well as stenographic transcript of expert depositions). The key factor in determining whether the cost of a deposition can be awarded does not hinge on whether it was used in a motion or created "primarily for trial purposes," but rather, whether the deposition appeared reasonably necessary at the time it was taken. 28 U.S.C. § 1920 ("A judge or clerk of any court of the United States may tax as costs… Fees for printed or electronically recorded transcripts *necessarily obtained for use in the case*") (emphasis added).

As one court aptly stated, "it would be inequitable to essentially penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case." Mitchell v. City of Moore, Oklahoma, 218 F.3d 1190, 1205 (10th Cir. 2000) (awarding costs for deposition transcripts). See also, Burke., 2009 WL 3158158 at *3 ("[T]he deposition of [plaintiff's expert] was not ultimately essential to the disposition of the action. However, it was reasonably necessary for proper preparation of the case at the time the deposition was taken. Because I conclude that [the expert's] deposition was reasonably and necessarily obtained in anticipation of trial, I agree with Defendants that its cost was 'necessarily obtained for use in this case' pursuant to 28 U.S.C. § 1920(2), even though the case was resolved on a dispositive motion and the deposition testimony was never put to use."); Estate of Elias Santistevan v. City & County of Denver, Colorado, 2010

WL 2667411 at *1 (D. Colo. July 1, 2010) (holding that actual use of deposition transcripts in a motion presented to the court does not define the limit of necessary costs, and the depositions could have appeared reasonably necessary at the time they were taken).

Here, plaintiff designated both Drs. Shogun and Wilks as her Rule 26(a)(2) experts. Their testimony was relevant to the issue of plaintiff's medical condition and claimed disability. Their depositions were taken, necessarily, before the discovery cutoff and before the filing of Defendants' summary judgment motion. At the time of the depositions, their testimony certainly was necessary for use in this case, either for summary judgment or trial or both.

Finally, Borwick cites to no authority which states that witness costs cannot be recovered unless those witnesses appear on a scheduling order.[1] Therefore, the expert deposition costs of Drs. Shogan and Wilk were properly awarded to DU in the Award of Bill of Costs.

With respect to James Evenson, Borwick likewise argues that his deposition transcript was prepared primarily for trial and not utilized primarily for the purpose of the summary judgment motion. Mr. Everson, a labor economist, was designated by plaintiff as her Rule 26(a)(2) expert witness. At the time his deposition was taken, Defendants necessarily needed his testimony on plaintiff's computation of alleged damages. Thus, for the same reasons, the cost of his deposition transcript was properly awarded to DU. See Mitchell, 218 F.3d at 1205.

With respect to Barbara Wilcots, James Moran, and Greg Kvistad, Borwick argues that their deposition costs are expenses of witnesses who are themselves parties to the case. Plaintiff ignores the fact that these individuals were sued in their official, representative capacity, not in

[1] Plaintiff mistakenly asserts that "defense counsel represented [to the Clerk] that [Drs. Shogun and Wilks] were included in the Scheduling Order." Objections at para. 3. Undersigned counsel for Defendants actually stated that both witnesses were included in plaintiff's Rule 26 expert designation, not the Scheduling Order.

their personal capacity. (See Second Amended Verified Complaint, Dkt # 29.) Thus, they are not "parties" in their own right. To the contrary, as the caption of the Second Amended Verified Complaint makes clear, they are simply employees of DU who happened to be named as defendants in their representative, "official" capacity. See Callicrate v. Farmland Indus., Inc., 139 F.3d 1336, 1341 (10th Cir. 1998) (holding that it was reasonable for the defendants to request copies of the depositions *initiated by plaintiff*, especially in light of the fact that all of the individuals deposed by plaintiff *were employees or representatives of one or more of the defendants*). In addition, these costs were necessarily incurred by DU because plaintiff herself initiated the depositions. For these reasons, the costs associated with the depositions of Wilcots, Moran and Kvistad are recoverable.

With respect to LaMendola, Borwick argues that this witness was not named in the Scheduling Order and that the cost of his deposition was not set forth in the calculation of the original Bill of Cost. LaMendola was, in fact, named in the Scheduling Order, but even so, Borwick does not point to any authority for the proposition that witness costs cannot be recovered unless the witness appears on a scheduling order. Further, the invoice for the deposition of LaMendola *was* included in Defendants' original submission of their Bill of Costs. Due to a clerical error, however, LaMendola's transcript was omitted from the itemization of costs. Because LaMendola's invoice was included in the Bill of Costs, plaintiff had full notice that DU intended to seek such recovery. Thus, the Clerk properly exercised discretion in including LaMendola's costs in the final award of costs. *See* Rosenfield v. Kay Jewelry Stores, Inc., 400 F.2d 89, 90 (10th Cir. 1968) ("the power to tax costs is an inherent attribute of the jurisdiction of the district court. . . . rests in the sound judicial discretion of the trial court, and the

exercise of such discretion will not be disturbed on appeal except in case of abuse”) (internal quotations and citations omitted).

## CONCLUSION

For all the foregoing reasons, the Court should affirm the Clerk’s award of costs, and enter an Order awarding DU its reasonable costs in the amount of $4245.60.

Respectfully submitted this 16th day of May, 2013.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*s/ Jim Goh*
Jim Goh
1700 Lincoln Street, Suite 4650
Denver, CO 80203
303-764-6800
jim.goh@ogletreedeakins.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May, 2013, a true and correct copy of the foregoing **DEFENDANT UNIVERSITY OF DENVER'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO AWARD AND REQUEST FOR REVIEW OF DEFENDANTS BILL OF COSTS, PURSUANT TO FED. R. CIV. P. 54** was filed with the Court and served via ECF Electronic filing upon the following:

Derry Dale Sadler (email: derrydaled@comcast.net)
8400 E. Prentice Avenue, Suite 1500
Greenwood Village, CO 80111

*s/ Linda R. Kerman*
Linda R. Kerman, Paralegal

15021627.1