**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-1216-MSK-KMT

Carolyn Jean Gissendanner Borwick

Plaintiff,

v.

University of Denver, Board of Trustees, et. al.

Defendants,

---

PLAINTIFF CAROLYN BORWICK'S REPLY REGARDING OBJECTIONS TO AWARD AND REQUEST COURT REVIEW OF DEFENDANTS BILL OF COSTS, Pursuant to Fed. R. Civ. P. 54

---

COMES NOW Plaintiff, Carolyn Borwick, by and through counsel, Derry Dale Sadler, pursuant to Fed. R. Civ. P., 54, and submits this reply to DEFENDANTS RESPONSE TO PLAINTIFFS OBJECTIONS TO AWARD REQUEST FOR REVIEW OF DEFENDANTS BILL OF COSTS (Docket #98), and as grounds therefore states as follows:

1. Defendants filed a bill of costs on April 2, 2013 (Docket #82).
2. Plaintiff objected to Defendant's discovery deposition cost of Drs. Stephen Shogan, M.D. and James Wilk, M.D., in the amount of $758.35. These transcripts were created primarily for trial purpose, and are therefore not taxable. At the April 18, 2013 telephone conference concerning these costs, defense counsel represented that these witnesses were included in the Court approved Scheduling Order (Docket #33). It appears that they were not included in the Scheduling Order.

*3.* Plaintiff objected to the cost of defendants discovery depositions of party defendants Barbara Wilcots, James Duran and Greg Kvistad., in the amount of $1,001.20. The expenses of witnesses who are themselves parties to the case. *(10 Wright, Miller and Kane, Federal Practice and Procedure, Civil 2d §2678 at 376 (2d Ed. 1983)).*

4. Plaintiff objected to cost of the deposition of James Evenson, in the amount of $376.15, as said deposition was prepared primarily for trial and not utilized primarily for the purpose of the summary judgment motion.

5. Plaintiff objected to the cost of the deposition of Dr. LaMendola, in the amount of $239.80 was not named by defendants in the Scheduling Order, nor wascost set forth in the calculation of the original Bill of Cost amount of $4,005.40. By allowing the amendment at the hour of the telephone conference of April 18, 2013 was untimely and lacked procedural fairness.

While courts have permitted the expense of a discovery deposition as an item of allowable costs **under exceptional circumstances where use of such deposition was extensive and absolutely necessary in the case**, such an expense is not one of those enumerated by C.R.S. 13-16-122 and, in this case, the depositions of Drs. Shogan and Wilk were not utilized in support of the motion for summary judgment. Deposition costs are recoverable only when the deposition is reasonably necessary to the litigation. For depositions not used in the litigation, courts are divided on whether to award deposition costs only upon a showing that the deposition materially advanced the development of the litigation. *See, e.g.,* *Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.*, 260 F.3d 1054, 1061 (9th Cir. 2001); *Stearns Airport Equip. Co. v. FMC*

*Corp.*, 170 F.3d 518 (5th Cir. 1999); *Cengr v. Fusibond Piping Sys.*, 135 F.3d 445 (7th Cir. 1998); *Callicrate v. Farmland Indus.*, 139 F.3d 1336 (10th Cir. 1998); *Soler v. Waite*, 989 F.2d 251 (7th Cir. 1993).

Courts are divided on whether to award deposition costs only upon a showing that the deposition or whether the deposition seemed necessary at the time it was taken. *Fogelman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir. 1991). The deposition costs of Stephen Shogan, M.D. and James Wilk, M.D. were not reasonably necessary, even if they may have seemed necessary of expedient at the time taken.

Further, the deposition of Walter LaMendola was not sufficiently specified in the Bill of Cost form mandated by the court, and therefore, not properly verified within procedural time requirements (14 days).

Plaintiff respectfully moves the court to alter or amend the findings, conclusions and the taxation of costs recommended by the Clerk of this Court on March 19, 2013 (Docket #81). Respectfully submitted this 20th day of May 2013.

s/Derry Dale Sadler
D. Dale Sadler, Atty. No. 7778
8400 East Prentice Avenue, Suite 1500
Greenwood Village, Colorado 80111
Tel: 303-409-7602
Fax: 303-955-2336
derrydaled@comcast.net
Attorney for Plaintiff – Plaintiff Carolyn Borwick

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2013, I electronically filed the foregoing PLAINTIFF CAROLYN BORWICK'S REPLY TO OBJECTIONS TO AWARD AND REQUEST COURT REVIEW OF DEFENDANTS BILL OF COSTS, Pursuant to Fed. R. Civ. P. 54 with the Clerk of Court, using the CM/ECF system which will send notification of such filing to the following email addresses:

Goh, Jimmy
Elisa Chen
Wells Fargo Center
1700 Lincoln Street
Suite 4650
Denver, CO 80203
jim.goh@ogletreedeakins.com
elisa.chen@O@ogletreedeakins.com

s/Derry Dale Sadler
D. Dale Sadler, Atty. No. 7778