IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-01216-MSK-KMT

**CAROLYN JEAN GISSENDANNER BORWICK,**

    Plaintiff,

v.

**UNIVERSITY OF DENVER, BOARD OF TRUSTEES;**
**UNIVERSITY OF DENVER GRADUATE SCHOOL OF SOCIAL WORK;**
**ROBERT COOMBE,** Chancellor, in his official capacity;
**GREG KVISTAD,** individually and as Denver University Provost;
**DR. JAMES R. MORAN,** PhD, individually and as Professor and Director of the Doctoral Program of the Graduate School of Social Work;
**DEAN JAMES HERBERT WILLIAMS,** individually and as Dean of the Graduate School of Social Work; and
**DR. WILLIAM CLOUD,** individually and as Professor of the Graduate School of Social Work,

    Defendants.

___

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION AND GRANTING, IN PART, MOTION TO REVIEW TAXATION OF COSTS**
___

**THIS MATTER** comes before the Court pursuant to Ms. Borwick's Motion to Alter Judgment **(# 84)**, the Defendants' response **(# 94)**, and Ms. Borwick's reply **(# 96)**; Ms. Borwick's Motion for Costs Review **(# 90)**, the Defendants' response **(# 98)**, and Ms. Borwick's reply **(# 99)**; and Ms. Borwick's Motion to Stay Enforcement of the Clerk's Cost Award **(# 91)**, to which no responsive papers were filed.

The Court assumes the reader's familiarity with the proceedings to date. It is sufficient to note that Ms. Borwick asserted several claims, including disability discrimination and breach of contract, arising out of her termination from a graduate degree program at Defendant University

1

of Denver. On March 18, 2013, this Court granted **(# 80)** summary judgment to the Defendants on all of Ms. Borwick's claims. Ms. Borwick has moved **(# 84)** for what is essentially reconsideration of that judgment, has moved **(# 90)** for review of certain items of costs taxed by the Clerk, and has sought **(# 91)** a stay of any efforts by the Defendants to enforce the costs award pending resolution of Ms. Borwick's appeal of the grant of summary judgment.

    **A. Motion for Reconsideration**

Turning first to Ms. Borwick's request for reconsideration, her motion was filed within 28 days of the entry of judgment on March 19, 2013, consistent with Fed. R. Civ. P. 59(e). Relief under Rule 59(e) is appropriate in certain limited circumstances, such as where there has been an intervening change in the law, newly-discovered evidence bears on the issues decided by the Court, or where reconsideration is necessary to correct clear error or prevent manifest injustice (such as where the Court misapprehended the facts, a party's position, or the controlling law). *Grynberg v. Ivanhoe Energy, Inc.*, 490 Fed.Appx. 86, 100-01 (10th Cir. 2012) (unpublished), *citing Servance of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, it is not an appropriate vehicle to "relitigate old matters or to raise argumetns or present evidence that could have been raised prior to the entry of judgment." *Id.*; *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008).

Ms. Borwick's motion does not assert an intervening change in the law or newly-discovered evidence. Nor does she identify any <u>particular</u> factual finding made by the Court in its summary judgment ruling that was manifestly incorrect, or that the Court misapprehended her position. Rather, her motion for reconsideration appears to simply re-assert factual and legal arguments from her summary judgment response. (The Court notes that Ms. Borwick's summary judgment response brief was 107 pages long; the instant motion for reconsideration is

60 pages, plus an 18-page affidavit from Ms. Borwick.)  Indeed, Ms. Borwick's motion for reconsideration sets forth, apparently verbatim, lengthy portions of her summary judgment response brief.  *See Docket* # 85, n. 1.  To the extent that the motion merely reargues matters previsously raised by Ms. Borwick and addressed by the Court, it is subject to denial.

Nevertheless, the Court has carefully reviewed the motion for any colorable grounds for reconsideration.  One point raised by Ms. Borwick warrants additional acknowledgment.  The Court found that Ms. Borwick's first formal request to the University for a fourth extension of time to complete her degree was made on June 21, 2010, several weeks after the University officially terminated her enrollment on June 4, 2010.  In her motion for reconsideration, the Court understands Ms. Borwick to suggest that she actually formally requested a fourth extension of time via letter dated June 3, 2010.

The factual record on this point is somewhat murky.  As the Court's summary judgment ruling noted, on June 3, 2010, Dr. Moran urged Ms. Borwick to seek an extension of time from the University.  In her deposition, Ms. Borwick testified that, as of that date, she had not done so. *Docket* # 80 at 7; *see also Docket* # 58-5 at p. 320 (Ms. Borwick's deposition testimony). However, Ms. Borwick's request for reconsideration points the Court to Exhibit 7 to her summary judgment response.  That exhibit is a letter from Ms. Borwick to the University, requesting an extension of time to complete her degree, and is dated June 3, 2010.  *Citing Docket* # 70, Ex. 7 (extension request letter dated June 3, 2010).  However, the record is not entirely clear when Ms. Borwick submitted the letter to the University (or indeed, if she ever did).  Curiously, the June 3, 2010 letter makes reference to the fact that "I was terminated from the program [and must be] readmitted," suggesting that, despite its date, it was written <u>after</u> Ms. Borwick was fomally notified of her termination from the program on June 4, 2010 (or, at the

very least, that Ms. Borwick understood that her termination from the program was imminent and inevitable). Even Ms. Borwick's summary judgment response is somewhat unclear as to precisely when the June 3 extension letter was submitted. *See Docket # 62 at 7*("Plaintiff submitted a wrriten request with a fourth extension between June 3 and June 21, 2010.") (Emphasis added.) Ms. Borwick's deposition testimony and her affidavit supporting the instant motion for reconsideration and finds no instance in which Ms. Borwick clearly and conclusively alleges that she had submitted that request for an extension on June 3, 2010.

Assuming, however, that Ms. Borwick submitted the June 3 letter to the University the day before the University formally terminated her from the program, there is no change in result. The undisputed facts clearly indicate that: (i) Ms. Borwick did not seek the 2010 extension of time until after the University's previously imposed deadline to finish her degree by the end of Spring Quarter 2010 (a date which appears to be June 1, 2010), or, at the very least, did not seek an extension until after it was clear to her that she was going to be terminated from the program, and (ii) the University did not consider her to be making adequate progress towards completion of her degree in any event. Therefore, whether Ms. Borwick first requested a fourth extension on June 3, 2010 or whether that request was not made until June 21, 2010 is largely immaterial. As a consequence, Ms. Borwick's motion for reconsideration is denied in its entirety.

## B. Review of costs

The Court then turns to Ms. Borwick's challenges to the Clerk of the Court's taxation of costs. Ms. Borwick objects to the Clerk's award of the costs of obtaining certain deposition transcripts to the Defendants. 28 U.S.C. § 1920 allows the Court to tax as costs certain items, including the costs of transcribing depositions if those transcripts were "necessarily obtained for use in the case." The party seeking an award of costs bears the burden of showing the necessity of the costs incurred. *Allison v. Bank One–Denver*, 289 F.3d 1223, 1248–49 (10th Cir.2002).

Whether an item is "necessarily obtained for use in the case" is a fact-based inquiry, committed to the discretion of the Court. *Aerotech Resources, Inc. v. Dodson Aviation, Inc.*, 237 F.R.D. 659, 665 (D.Kan.2005). For example, where a case is "sufficiently lengthy, complex, [or] contentious" that a transcript is reasonably necessary for effective and efficient trial preparation or presentation, transcription costs might be allowed. *Compare Burton v. R.J. Reynolds Tobacco Co.*, 395 F.Supp.2d 1065, 1079 (D.Kan.2005) *with Battenfeld of America Holding Co. v. Baird, Kurtz & Dobson*, 196 F.R.D. 613, 618 (D.Kan.2000) (finding that trial was not so complex that daily transcripts were taxable). On the other hand, transcriptions that are obtained solely for discovery purposes or for the "convenience of counsel" are generally not taxable. *Id.; Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 878 F.Supp. 1417, 1427 (D.Kan.1995). Necessity is judged as of the time the transcription was sought, not in hindsight. *In re Williams Securities Litigation–WCG Subclass*, 558 F.3d 1144, 1147–48 (10th Cir.2009); *U.S. Industries, Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1248 (10th Cir.1988). Courts have typically indulged in a presumption that transcripts supplied by a party in a dispositive motion and "actually utilized by the court in considering" and resolving that motion were "necessarily obtained" and thus, taxable. *James v. Coors Brewing Co.*, 73 F.Supp.2d 1250, 1261 (D.Colo.1999), *citing Tilton v. Capital*

*Cities/ABC, Inc.*, 115 F.3d 1471, 1474 (10th Cir.1997); *Crandall v. City and County of Denver*, 594 F.Supp.2d 1245, 1250 & n. 6 (D.Colo.2009), *citing Summit Technology Corp. v. Nidek Co., Ltd.*, 435 F.3d 1271, 1380 (Fed.Cir.2006).

Ms. Borwick's objections to the deposition transcript costs taxed by the Clerk can be grouped into three categories. First, she objects to the costs of transcribing the deposition testimony of three damages experts, Dr. Shogan, Dr. Wilk, and Mr. Evenson. She contends that these witnesses were never identified in the Scheduling Order and that their depositions were not used by the Defendants in seeking and obtaining summary judgment. Although Ms. Borwick contends that these witnesses were not identified in the initial Scheduling Order, she does not respond to the Defendants' contention that each expert was identified by her as part of her expert witness disclosures under Rule 26(a)(2). Thus, the question presented is whether those transcripts were "necessarily obtained" for use by the Defendants at trial, rather than for the "convenience of counsel."

Beyond largely conclusory assertions that transcribing the experts' depositions was "necessary," the Defendants have not offered any particular explanation of the circumstances that would make such transcription truly a necessity. Notably, the Defendants were entitled to a report from each expert, setting forth their opinions and the bases therefor. Fed. R. Civ. P. 26(a)(2)(B). Absent some explanation by the Defendants – who, as noted above, bear the burden of proving entitlement to each claimed item of costs – as to why the reports tendered by the experts were insufficient, the Court is reluctant to say that a deposition of the experts was "necessary." Moreover, this Court has previously noted that, even where one might conclude that it was necessary to take a witness' deposition, it does not always follow that it is necessary to <u>transcribe</u> that deposition. *See Felix v. City and County of Denver*, 2011 WL 1085766

(D.Colo. Mar. 24, 2011) (slip op.), *citing Crandall*, 594 F.Supp.2d at 1252-53. Absent a showing of some articulable basis as to why the Defendants needed to have the deposition testimony of these experts transcribed (a need existing at the time the transcription was requested), the Court finds that the Defendants have failed to carry their burden of demonstrating an entitlement to the costs of these experts' deposition transcripts.

The second category of transcript costs challenged by Ms. Borwick are those for depositions of Defendants Wilcots, Duran, and Kvistad. Ms. Borwick contents that "the expenses of witnesses who are themselves parties to the case" are not properly taxed. Ms. Borwick's cited authority for this proposition concerns the award of witness fees for parties, not costs related to the transcription of parties' depositions. This Court has previously recognized that the costs of depositions of parties may be taxed, particularly when the deposition in question was noticed and taken by the opposing party (that is, the party now opposing the award of costs). *Carani v. Meisner*, 2011 WL 1221748 (D.Colo. Mar. 31, 2011). There is no indication that this was not the case here. Moreover, the Court notes that Ms. Wilcot's deposition was submitted by Ms. Borwick in the summary judgment briefing, as well as by the Defendants in reply, and the Court expressly quoted from Ms. Wilcot's deposition in its Opinion. Accordingly, the Court denies Ms. Borwick's challenge to the taxation of these costs.

Finally, Ms. Borwick challenges the award of the costs of transcribing the deposition of Mr. LaMendola. Her objection to this item of costs is twofold: Mr. LaMendola was not identified as a witness in the Scheduling Order, and was not expressly listed on the Defendants' Bill of Costs. Rather, it appears that the Defendants failed to separately list Mr. LaMendola as a witness for whom transcription costs were sought, although the Defendants included the invoice for Mr. LaMendola's deposition transcript it the materials supporting the Bill of Costs and the

Clerk permitted the Defendants to orally amend the Bill of Costs to correct that oversight at the costs hearing. As to the first point, Mr. LaMendola is unambiguously listed as a potential witness in the Scheduling Order. *Docket* # 33 at 13. As to the second point, the Clerk of the Court apparently concluded that Ms. Borwick was not prejudiced by the apparent oversight in the Defendants' failing to list Mr. LaMendola, given that his invoice was included with the Bill of Costs, and Ms. Borwick's instant motion has not demonstrated any such prejudice. Accordingly, the Court rejects her challenge to the award of Mr. LaMendola's deposition transcript costs.

Accordingly, Ms. Borwick's challenges to the Clerk's taxation of costs is granted with respect to Dr. Shogan, Dr. Wilks, and Mr. Evenson, and denied in all other respects.

### C. Stay of cost award

Finally, Ms. Borwick seeks to stay any attempt by the Defendants to collect on the taxed costs pending her appeal of the Court's rulings in this case. Such a request is governed by Fed. R. Civ. P. 62(d), which permits an appellant to obtain a stay of any order issued by the District Court upon the filing of a supersedeas bond. Although Ms. Borwick's motion makes mention of her willingness to post such a bond, she has not yet done so. Should Ms. Borwick post such a bond in the full amount of the taxed costs (except as set forth herein), the Court would be inclined to grant the stay she requests. Pursuant to Rule 62(d), such a stay would take effect only upon Ms. Borwick's tender, and the Court's approval, of such a bond.

Accordingly, Ms. Borwick's Motion to Alter Judgment **(# 84)** is **DENIED**. \Ms. Borwick's Motion for Costs Review **(# 90)** is **GRANTED IN PART**, insofar as the Court **VACATES** that portion of the Clerk's taxation of costs that awarded the Defendants the costs of transcribing the depositions of Dr. Shogan, Dr. Wilk, and Mr. Evenson (for a total of $ 1,137.95),

and **DENIED IN PART**, insofar as the Court **AFFIRMS** the award of costs to the Defendants in all other amounts taxed by the Clerk. Ms. Borwick's Motion to Stay Enforcement of the Clerk's Cost Award **(# 91)** is **PROVISONALLY GRANTED**, in that upon Ms. Borwick posting a supersedeas bond in the amount of all remaining costs taxed by the Clerk, and this Court's approval of such bond, the Court will stay the effect of its taxation of costs pending the outcome of Ms. Borwick's appeal.

Dated this 24th day of October, 2013.

**BY THE COURT:**

*[Signature: Marcia S. Krieger]*

Marcia S. Krieger
Chief United States District Judge