**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 24, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CAROLYN JEAN GISSENDANNER BORWICK,

Plaintiff-Appellant,

v.

UNIVERSITY OF DENVER, BOARD OF TRUSTEES; UNIVERSITY OF DENVER GRADUATE SCHOOL OF SOCIAL WORK; ROBERT COOMBE, Chancellor, in his official capacity; GREG KVISTAD, individually and as Denver University Provost; DR. JAMES R. MORAN, PhD, individually and as Professor and Director of the Doctoral Program of the Graduate School of Social Work; BARBARA WILCOTS, officially as Associate Provost for Graduate Studies; DR. WALTER LAMENDOLA, PhD, officially as Professor and Director of the Doctoral Program of the Graduate School of Social Work; DEAN JAMES HERBERT WILLIAMS, officially as Dean of the Graduate School of Social Work; DR. WILLIAM CLOUD, officially as Professor of the Graduate School of Social Work,

Defendants-Appellees.

No. 13-1149
(D.C. No. 1:11-CV-01216-MSK-KMT)
(D. Colo.)

---

**ORDER AND JUDGMENT***

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore (continued)

Before **LUCERO** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Ms. Borwick, appearing in this court pro se, appeals from the district court's order granting summary judgment in favor of defendants on her claims for discrimination, retaliation, and breach of contract. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

I. Background

Ms. Borwick, an older African-American woman, enrolled in the Social Work Ph.D. program at the University of Denver in 2000. Under University rules, the program had to be completed within seven years, and Ms. Borwick was originally scheduled to complete her degree by June 2007. In April 2001, however, she suffered serious injuries in an automobile accident. She subsequently completed the coursework for her program, but not her dissertation. After being granted three one-year extensions of time, she was terminated from the program on June 4, 2010.

In May 2011, Ms. Borwick, through counsel, filed the underlying lawsuit alleging that University officials violated her rights by failing to accommodate her disabilities resulting from the 2001 automobile accident. In her second amended

ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

complaint, she asserted federal claims for discrimination and retaliation under Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112, Title III of the ADA, *id.*, §§ 12181-12189, § 504 of the Rehabilitation Act, 29 U.S.C. §§ 701, 794, and 42 U.S.C. § 1983, and asserted state-law claims for breach of contract and breach of implied contract. She alleged that she chose not to request a medical stop-out from her Ph.D. program, even though that option would have tolled the time in which she was required to complete her degree. *See* R. Vol. 1, at 136.

Defendants filed a motion for summary judgment, which Ms. Borwick opposed, but the district court granted summary judgment in favor of defendants. Relevant to this appeal, the court adopted defendants' assumption that Ms. Borwick was disabled, but held that she failed to present evidence disputing the University's determination that she had not made satisfactory progress toward completing her dissertation, and she was therefore not "otherwise qualified academically" for the Ph.D. program under federal law. *Id.* Vol. 4, at 341-42 (internal quotation marks omitted). The court further held that it was undisputed that Ms. Borwick's desire for more time beyond early June 2010 in which to complete her dissertation was based on her adoptive mother's health problems, rather than her own disability. *Id.* at 344-45. The court further determined that Ms. Borwick failed to present any evidence showing that the University made any enforceable promises to support her contract claims. *Id.* at 345-47.

The court also denied Ms. Borwick's subsequent motion to alter or amend the judgment based on a letter dated June 3, 2010, that requested readmission to the Ph.D. program and a fourth extension of time in which to complete her dissertation. The court concluded that it was immaterial whether she requested the fourth extension of time on June 3, the date on the letter, *see id.*, Vol. 3, at 60-62, or on June 21 (after her termination), as she testified at her deposition, *see id.*, Vol. 2, at 166-67. The court reasoned that it was undisputed that Ms. Borwick did not request a fourth extension of time until after she knew that she was going to be terminated from the program and that the University had decided that she was not making adequate progress toward completing her degree.

## II. Issues on Appeal and Discussion

Ms. Borwick's former counsel filed her notice of appeal and was then allowed by this court to withdraw from the case. Because Ms. Borwick appears in this court pro se, we construe her pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam)). It is settled law, however, that "a pro se litigant . . . must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). "Thus, although we make some allowances for the pro se plaintiff's failure to cite proper legal authority, h[er] confusion of various legal theories, h[er] poor syntax and sentence construction, or h[er] unfamiliarity with pleading requirements, the court cannot take on the responsibility of serving as the

litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (brackets omitted) (citation omitted) (internal quotation marks omitted).

"We review a district court's grant of summary judgment de novo, using the same standard applied by the district court pursuant to Fed. R. Civ. P. 56(a)." *Cillo v. City of Greenwood Village*, 739 F.3d 451, 461 (10th Cir. 2013). Summary judgment must be granted if "there is no genuine dispute as to any material fact" and the moving party is "entitled to judgment as a matter of law." Rule 56(a). "We must view facts in the light most favorable to the non-moving part[y], . . ., resolving all factual disputes and reasonable inferences in [her] favor." *Cillo*, 739 F.3d at 461 (internal quotation marks omitted).

Ms. Borwick raises two main arguments on appeal: (1) the district court incorrectly applied the ADA to her claims that defendants failed to provide reasonable accommodations for her disability, instead of applying the more recent ADA Amendments Act of 2008 (ADAAA), which increased the responsibilities of entities such as the University of Denver toward disabled individuals; and (2) the district court erred in granting summary judgment to defendants on her contract claims because a contract existed under the 2000-2001 Ph.D. Program Handbook.

Through the ADAAA, Congress "broadened the definition of 'disability,'" *Summers v. Altarum Inst., Corp.*, 740 F.3d 325, 329 (4th Cir. 2014), thereby broadening that term's "coverage," *Neely v. PSEG Tex., Ltd. P'ship*, 735 F.3d 242,

245 (5th Cir. 2013), so that "the definition of disability under the ADA would be interpreted consistently with how courts had applied the definition of a handicapped individual under the Rehabilitation Act of 1973," *Rohr v. Salt River Project Agric. Improvement & Power Dist.*, 555 F.3d 850, 861 (9th Cir. 2009). The ADAAA went into effect on January 1, 2009, well before Ms. Borwick was terminated from her degree program. *See Carter v. Pathfinder Energy Servs., Inc.*, 662 F.3d 1134, 1144 (10th Cir. 2011). The district court, however, *assumed* that Ms. Borwick had a disability, but held that she was not "otherwise qualified academically" for her degree program based on undisputed evidence that defendants believed that she was not making satisfactory progress toward completing her degree. R. Vol. 4, at 341-42 (internal quotation marks omitted). The court therefore did not even arguably apply an improperly narrow, pre-ADAAA definition of disability to defeat her claims. Ms. Borwick's suggestion that the University did not view her as an individual with a disability is baseless. *See* Aplt. Opening Br. at 19.

Ms. Borwick cites a number of regulations that were revised in order to implement the ADAAA. These new provisions did not go into effect until May 24, 2011, however, 76 Fed. Reg. 16978, which was well after the events prompting this suit. Ms. Borwick does not point to any language suggesting that the new regulations are to be applied retroactively. Moreover, she fails to demonstrate that any of these provisions could have made any difference to the district court's decision. For example, she relies on 29 C.F.R. § 1630.2(o)(4), which provides that a "'covered

entity is required, absent undue hardship, to provide a reasonable accommodation to an otherwise qualified individual who meets the definition of disability.'" Aplt. Opening Br. at 18 (quoting § 1630.2(o)(4)). She asserts that the University's only defense to providing her an accommodation under this provision is that it would cause "undue hardship." *See id.* She ignores, however, that even if this new provision should be applied retroactively (which we need not and do not decide), she still must show that she was an "otherwise qualified individual." § 1630.2(o)(4). But she has pointed us to no record evidence tending to show that she was making satisfactory progress toward completing her degree to put in dispute defendants' evidence that she was not making adequate progress.

Ms. Borwick also argues on appeal that "otherwise qualified" meant only that she could not meet the University's "arbitrary" seven-year deadline for completing her degree. *See* Aplt. Opening Br. at 23. This appears to be a change in position, as the district court stated that she "d[id] not appear to dispute that the School had a requirement that a student complete a degree in seven years, not d[id] she dispute that the School required that individuals seeking to obtain an extension of that deadline demonstrate that they were nevertheless making satisfactory progress towards completing their degree." R. Vol. 4, at 342. In any event, it is undisputed that the University granted Ms. Borwick three one-year extensions of time, and the University believed that she had not made satisfactory progress toward completing her dissertation when she was terminated from the program after ten years. And she

conceded that she chose not to request a medical stop-out from her Ph.D. program, which would have tolled the time in which she was required to complete her degree. *See id.*, Vol. 1, at 136. Ms. Borwick's other arguments concerning her claims for discrimination, disparate impact, and retaliation are conclusory and unsupported by any reference to the evidentiary record, and they do not warrant any discussion.

Ms. Borwick also argues that "she placed her trust in the fact that a contract existed" under the 2000-2001 Ph.D. Program Handbook. Aplt. Opening Br. at 27. Her argument, however, is conclusory and unsupported by citation to the evidentiary record or legal authority. We will not search the record for her evidence allegedly showing that the University made an enforceable promise to her. *See Garrett*, 425 F.3d at 840. We therefore affirm the district court's conclusion that Ms. Borwick failed to demonstrate that an enforceable contract existed.

Affirmed.

Entered for the Court

Monroe G. McKay
Circuit Judge

**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**
**OFFICE OF THE CLERK**
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker
Clerk of Court

June 24, 2014

Chris Wolpert
Chief Deputy Clerk

Ms. Carolyn Jean Gissendanner Borwick
2217 Jasmine Street
Denver, CO 80207

**RE: 13-1149, Borwick v. Univ of Denver, Bd of Trustees, et al**
Dist/Ag docket: 1:11-CV-01216-MSK-KMT

Dear Appellant:

Enclosed is a copy of the order and judgment issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Please contact this office if you have questions.

Sincerely,

Elisabeth A. Shumaker
Clerk of the Court

cc: Heidi Doescher
Jim Goh

EAS/lg